*Opinion of the Court*

UNITED STATES, Appellee,

v.

**Robert W. MARSHALL, Airman, U. S. Navy, Appellant.**

No. 42,605.

NMCM 80-3097.

U. S. Court of Military Appeals.

Oct. 12, 1982.

For Appellant: *Lieutenant Commander William A. DeCicco,* JAGC, USN, *Lieutenant Louis F. Sadler,* JAGC, USNR (on petition).

For Appellee: *Captain T. C. Watson, Jr.,* JAGC, USN, *Major Charles W. Dorman,* USMC (on petition).

PER CURIAM:

Contrary to his pleas, appellant was convicted by a general court-martial of rape, assault, and communicating a threat, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 7 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority disapproved the findings of assault, but in all other respects he approved the results at trial. The United States Navy-Marine Corps Court of Military Review affirmed.

After findings had been entered based in part on the testimony of the prosecutrix, defense counsel objected to the Government's calling the prosecutrix to testify in presentencing proceedings about the effects on her lifestyle which resulted directly from the rape. The objection was based on then-paragraph 75*b*(3) of the Manual for Courts-Martial, United States, 1969 (Revised edition),[1] which expressly permitted such aggravation evidence following a guilty plea but was silent in instances of a not-guilty plea. The military judge overruled the objection and the witness was allowed to testify, giving specific examples of how her travels outside the home had changed because of her experience with appellant. On cross-examination by defense counsel she revealed, however, that she had suffered no serious physical injury during the incident; that she had required no drugs to assuage any emotional trauma; and that she had needed to attend only two counseling sessions and talk to a friend only once about her experience.

In this Court, appellant renews his objection to the presentencing aggravation testimony of the prosecutrix. However, in *United States v. Vickers,* 13 M.J. 403 (C.M.A.1982), we held that paragraph 75*b*(3) was

---

1. Subsequent to appellant's trial, paragraph 75, Manual for Courts-Martial, United States, 1969 (Revised edition), was amended. However, the substance of former paragraph 75*b*(3) was left unchanged with respect to this issue and it now appears in paragraph 75*b*(4), Manual, *supra* (Change 5).

not a bar to the Government's presenting such evidence as this in aggravation of sentence. Specifically, we ruled that

> regardless of the plea, the prosecution after findings of guilty may present evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority.

*Id.* at 406. The testimony in question here falls within that holding.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is affirmed.