UNITED STATES, Appellee,

v.

Specialist Four John W. ELVINE, Jr.
U.S. Army, Appellant.

No. 43,551.

CM 441233.

U. S. Court of Military Appeals.

July 5, 1983.

For Appellant: *Captain Kenneth G. Gale* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel R. Rex Brookshire II, Major Paul J. Luedtke* (on brief); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Major Joyce E. Plaut.*

For Appellee: *Captain Richard J. Fadgen* (argued); *Colonel R.R. Boller, Lieutenant*

Colonel John T. Edwards, Major Michael R. Smythers (on brief); *Colonel James Kucera, Captain Glenn D. Gillett.*

Opinion of the Court

FLETCHER, Judge:

On June 12 and 18, 1981, appellant was tried by a general court-martial composed of officer and enlisted members at Frankfurt, Germany. Contrary to his pleas, he was found guilty of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The members sentenced him to a bad-conduct discharge, confinement at hard labor for 10 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved this sentence, and the Court of Military Review affirmed.

This Court granted review of the following three issues raised by the defense:

I

WHETHER THE MILITARY JUDGE ERRED BY DISALLOWING CROSS–EXAMINATION OF THE ALLEGED RAPE VICTIM CONCERNING HER PAST SEXUAL CONDUCT UNDER MIL.R.EVID. 412(b).

II

WHETHER MIL.R.EVID. 412(a) WAS UNCONSTITUTIONALLY APPLIED TO EXCLUDE DEFENSE EVIDENCE OF THE ALLEGED VICTIM'S REPUTATION FOR PROMISCUITY.

III

WHETHER THE MILITARY JUDGE ERRED BY DISALLOWING AN INQUIRY INTO THE SUBSEQUENT SEXUAL ACTIVITIES OF THE ALLEGED VICTIM DURING SENTENCING.

The facts and circumstances pertaining to these issues are not in dispute and are summarized below and at later points in this opinion.

Appellant was charged with the crime of rape. The alleged victim testified that appellant and Jones, an American civilian living in Germany, forced her into a bedroom and held her while each had forcible intercourse with her. Jones did not testify. Appellant testified that the alleged victim had flirted with him and Jones, and had consented to consecutive intercourse with each. Appellant explained that the alleged victim and his friend retired to the bedroom and had sex. Afterwards, the friend told appellant, "She wants you." Appellant went to the bedroom, where the alleged victim waited, naked and in bed, and engaged in consensual intercourse. Physical evidence was admitted (soiled trousers, photographs of the room) as well as a physician's testimony opining that recent forcible intercourse had occurred.

I

The defense in its initial offer of proof indicated that it intended to show that the prosecutrix, an unmarried female, had engaged in sex a number of times with one person prior to her alleged rape. Counsel asserted that he had reason to believe these sexual acts had taken place and desired to cross-examine the prosecutrix as to their occurrence. He also indicated that he intended to show that the prosecutrix engaged in sex after the rape with a number of persons. He averred that he could evidence these sexual acts by cross-examination of the prosecutrix or by extrinsic evidence.

The military judge quite correctly asked defense counsel to explain the purpose for which he offered this evidence of the prosecutrix' sexual behavior. Defense counsel averred that this evidence would demonstrate that the prosecutrix was "rather undiscriminating in her sexual habits," and this was a factor which should be generally considered by the members in their evaluation of her credibility in accusing appellant of rape. *See Packineau v. United States,* 202 F.2d 681, 685–86 (8th Cir.1953). He further asserted that evidence of her post-offense sexual behavior would show an ab-

sence of emotional trauma on her part which would normally be expected in an unmarried woman who was raped. *See generally* J. Wigmore, *A Treatise on the Anglo-American System of Evidence in Trials at Common Law* § 399 (3d ed. 1940) (hereafter cited as Wigmore).

The military judge denied these requests to admit evidence of the past sexual acts of the prosecutrix. He ruled that the defense had not gone far enough to demonstrate the relevance of this evidence and consequently had not established its admissibility in accordance with Mil.R.Evid. 412. In explaining his ruling, he cited the decision of the Court of Appeals for the Eighth Circuit in *United States v. Kasto,* 584 F.2d 268 (8th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979). Although this decision concerned a trial occurring prior to the effective date of Fed.R.Evid. 412, the civilian counterpart of Mil.R.Evid. 412, we believe its reasoning provides an insight as to a proper interpretation of both these rules of evidence. *See* Weinstein's *Evidence,* para. 412[01] (1982).

The substance of the *Kasto* decision is that evidence of an alleged rape victim's past sexual acts is not presumptively admissible to attack her credibility. The Court held that circumstances surrounding these sexual acts must be shown which would enhance its probative value on this question. *See United States v. Kasto, supra* at 271 n. 2. To a certain extent this was a change in the federal court's view of the probative value of such evidence. *See Packineau v. United States, supra.*

Prior to the effective date of the new Military Rules of Evidence, evidence of specific acts of sexual intercourse was presumptively admissible on an alleged rape victim's credibility and the question of her consent. *See* para. 153*b* (2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition). However, at the time of

appellant's trial, this rule of evidence had been eliminated and Mil.R.Evid. 412 was promulgated in its place. This new rule of evidence, at the very least, required that the defense clearly demonstrate the probative value of such evidence to impair a prosecutrix' credibility or to show the probability of her consent. *See* Mil.R.Evid. 412*b* (1). In this regard, we agree with the military judge that the defense's offer of proof concerning the relevance of this evidence was inadequate. *See* Mil.R.Evid. 103.

■ The defense argued that the proffered evidence would tend to show a habit of the prosecutrix to indiscriminately engage in sex. *See* Mil.R.Evid. 406. He further argued that such a habit was a fact from which the members could circumstantially infer that she was not telling the truth when she accused the appellant of rape. *Cf.* Tanford and Bocchino, *Rape Victim Shield Laws and The Sixth Amendment,* 128 U.Pa.L.Rev. 544, 549 (1980). Several problems exist with this assertion of relevance. First, the defense made no offer of proof concerning the circumstances surrounding these sexual acts to justify his bald assertion that they were indiscriminate. Second, he failed to aver any logical nexus between these sexual acts which would justify their characterization as a pattern of behavior rather than simply unrelated incidents. In this regard, no showing was made as to the stimuli for such conduct or as to a degree of regularity in their occurrence so as to justify his assertion that this was evidence of a habit. *See United States v. Holman,* 680 F.2d 1340, 1351 (11th Cir.1982). Finally, he provided no basis for the military judge to conclude why it was reasonable that an unmarried woman, such as the prosecutrix, who purportedly had a habit of indiscriminately engaging in sex, would probably falsely accuse the appellant of rape.[1] His reliance on a traditional inference of dishonesty from

---

1. In *United States v. Dorsey,* Dkt. No. 44,321, —— M.J. —— (C.M.A.1983), such an inference was found to be reasonable because the act of falsely accusing a person of rape, as an act of revenge, could be reasonably considered an appropriate outlet for the emotions of anger and guilt. Here, we cannot appreciate, nor has it been made clear to us by the defense why it is reasonable to infer, that a woman with a habit of indiscriminate sexual conduct would falsely cry rape against a person who satisfied her purported desires.

such a sexual habit is not adequate under Mil.R.Evid. 412(b), in light of the generally disputed validity of such an evidentiary proposition. *See United States v. Kasto, supra. See generally* 128 U.Pa.L.Rev., *supra.*

■ Turning to his second theory of relevance, his argument was that the fact of her post-offense sexual conduct was inconsistent with the normal emotional trauma an unmarried woman would have if she was in fact raped. Two problems exist with this theory of relevance. No basis was proffered to the military judge from which he could conclude that it was reasonable to infer that an unmarried woman, as distinct from a married woman, would more probably abstain from sexual intercourse as a result of emotional trauma from rape. Second, no evidentiary circumstances surrounding these sexual acts were proffered to show that they tended to show either the presence or absence of emotional trauma on the prosecutrix' part.[2] Therefore, we hold that the military judge did not err in ruling that the excluded evidence was not relevant for the purposes for which it was offered.

■ The defense at trial later renewed its request to introduce the excluded evidence of the prosecutrix' sexual conduct. It did so shortly after the prosecution had begun its direct examination of the prosecutrix. The following questions were the purported basis for this request:

Q. What is your age?

A. Twenty-two, sir.

Q. And where are you from?

A. Litchfield, Illinois, sir.

Q. What size town is that?

A. It's a small town, approximately about thirteen hundred, something like that, sir.

Q. What's the nearest big city?

A. Springfield, Illinois.

IDC: Your Honor, if the trial counsel is trying to bring out the fact that this is a naive young lady, I'm going to ask to be permitted to ask those questions that I wanted to ask before.

The military judge asked trial counsel the purpose of these questions. He said that they were "innocuous" background "questions . . . to help" the witness "get started" in her testimony. The military judge agreed and denied the defense request.

This Court does not dispute the fact that rebuttal evidence of a prosecutrix' past sexual behavior may be "constitutionally required to be admitted" under Mil.R.Evid. 412(b)(1). *See* 128 U.Pa.L.Rev. at 583–84. Here, however, the military judge found that these questions did not raise any issue concerning her sexual history or character for chastity. His finding is justified by the record. Accordingly, it was not error for the trial judge to hold that the excluded evidence was not relevant to rebut any government evidence of the moral character of the prosecutrix.

## II

The second granted issue in this case concerns the military judge's ruling that the defense could not question appellant about the prosecutrix' reputation in his unit. This ruling must be viewed in the context in which it was made at trial.

Appellant testified that on the night in question, he was fixing a stereo in Sergeant Whitehurst's apartment when Jones approached him. He testified:

Then about thirty minutes later, Jones came back and . . . said, "She wants you to make love with her." I went into the room and she was laying there with her clothes off, and I asked her did she want to make love? and she said, "Yes."

Trial counsel, on cross-examination, asked appellant whether he had been sexually in-

---

2. In *United States v. Dorsey, supra,* the defense offered evidence of an act of sexual intercourse with a person other than the accused to show her state of mind at the time of the offense. This evidence was accompanied by other evidence which showed it occurred immediately prior to the alleged offense, and that the accused at the time of the alleged offense made harshly critical statements to the prosecutrix about it. A nexus was established as a matter of fact.

terested in the prosecutrix prior to Jones' statement. He testified that he knew she had flirted with him and everybody else on prior occasions and was not surprised by Jones' statement. However, he testified that he only became sexually interested in her on the night in question when he entered the bedroom, saw that she was naked, and heard her say that she wanted him to make love to her.

Defense counsel, on redirect examination, questioned appellant:

Q. The prosecutor asked you why you had reason to believe that she might want to have sex with you, and you answered that she flirted with you before—

A. Yes, sir.

Q. —and you also answered that she had flirted with everyone before.

A. Yes, sir.

Q. Did she have a reputation around the unit?

A. Yes, sir.

MJ. The Court will disregard that answer.

The defense argued that the Government opened the door for evidence of the prosecutrix' sexual reputation in appellant's unit. This issue, he asserted, was raised by the Government's cross-examination of appellant and its previous direct examination of the prosecutrix about her home town. The military judge again rejected the defense's implication as to the nature of the prosecutrix' direct testimony. As indicated earlier, we conclude that a reasonable basis existed for such a ruling. As for the initial basis for the admission of this evidence, the military judge ruled that sexual reputation evidence was not admissible for any purpose at a court-martial under Mil.R.Evid. 412(a).

■ We have grave doubts whether Mil. R.Evid. 412(a) should be properly construed as an absolute bar to the admission of evidence of a prosecutrix' sexual reputation. *See* Analysis of the Military Rules of Evi-

dence, Appendix 18, Manual for Courts-Martial, United States, 1969 (Revised edition), Mil.R.Evid. 412; *Doe v. United States,* 666 F.2d 43, 48 (4th Cir.1981). Yet, we do not conclude that a constitutional error occurred in the present case. The record indicates that appellant testified that he was not sexually interested in the prosecutrix because of his prior experience with her or his knowledge of her experiences with others. He was only interested in her on the night in question because she was naked and expressly invited him to make love to her. Accordingly, the fact that appellant knew that she had some type of reputation for "coming on" in her unit was not shown to be an important issue in this case. *Cf. United States v. Dorsey,* 16 M.J. 1 (C.M.A.1983). In addition, appellant's testimony on cross-examination as to his experiences with the prosecutrix' flirting and his knowledge of her flirting with others was admitted at this court-martial. Defense counsel made no averment that her reputation in the unit was anything different. This testimony was undisputed and its repetition by appellant on redirect examination would add no further weight or substance. *Cf. United States v. Dorsey, supra.*[3] In our opinion, the proffered evidence of the prosecutrix' sexual reputation was not shown to be material in the present case.

### III

The third issue in this case concerns the military judge's ruling that the defense could not call the rape victim to the stand during the sentencing portion of this court-martial to establish "the fact that she ha[d] resumed a normal sex life, after the" rape. Its offer of proof was based on an interview with the boyfriend of the prosecutrix concerning their sexual activities after the rape. The defense offered this evidence to provide an evidentiary basis for an inference that she was not emotionally scarred by the rape. He argued "that there are

---

**3.** In *United States v. Dorsey, supra,* the excluded evidence added weight and substance to evidence of motive already in the case by show-

ing the prosecutrix had an additional emotion of guilt.

many times that a court will be asked to think of the trauma, and the permanent emotional scars, that have been imposed upon a rape victim, in considering their sentence." Trial counsel stated that he did not intend to present any evidence of the emotional trauma suffered by the prosecutrix or argue that punishment should be awarded on this basis. Defense counsel nevertheless asserted that he wished to affirmatively introduce such evidence to rebut any inference in the jury's mind that emotional trauma might have occurred. The military judge denied this request.

■ In view of the Government's commitment to avoid the issue of the rape victim's emotional trauma suffered as a result of the rape and the absence of evidence that she suffered serious and longstanding emotional distress from this crime, we have grave doubts that the defense evidence would have been a very important factor in the members' sentencing decision. *Cf. United States v. Dorsey, supra.* In any event, assuming the defense could raise this matter on its own (*see United States v. Marshall,* 14 M.J. 157 (C.M.A.1982)), we do not believe it was sufficiently shown that the proffered evidence was favorable to the defense. At first blush, such an offer of proof appears foolhardy in light of the damage that could inure to appellant as a result of calling the rape victim to the stand to testify on this matter. *Id.* On closer examination, we note again that the mere fact that a recently raped woman subsequently had sexual intercourse with her boyfriend does not by itself provide an inference favorable to the defense that she suffered no serious emotional trauma as a result of her previous experience.

As indicated in *United States v. Dorsey, supra,* the defense must demonstrate that the proffered evidence of a prosecutrix' past sexual behavior is relevant, material, and favorable to its case. *See generally United States v. Valenzuela-Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). This was not done in the present case. Accordingly, the decision of the United States Army Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

Some of the excluded defense evidence might have been admissible if it had been offered at trial for the express purpose of demonstrating a mistaken belief on appellant's part that the prosecutrix had given her consent; but since this rationale was not relied on at trial, it cannot be utilized at this stage. *Cf. United States v. Nez,* 661 F.2d 1203 (10th Cir.1981); *United States v. Merrival,* 600 F.2d 717 (8th Cir.1979). Likewise, some of the evidence might have been admissible on the theory under which it was offered by the defense if there had been a more substantial basis in the record for relying on that theory. *Cf. United States v. Ferguson,* 14 M.J. 840 (A.C.M.R.1982). However, on the record before us, I concur fully in the principal opinion's conclusion that the military judge ruled properly.

COOK, Judge (concurring with reservations):

With the exception of the references to *United States v. Dorsey,* 16 M.J. 1 (C.M.A.1983), in the footnotes, I concur in the principal opinion. *See United States v. Dorsey, supra* at 8 (Cook, J., dissenting).