**UNITED STATES**

v.

**Staff Sergeant George O. JOHNSON, FR 568–64–9120 United States Air Force.**

**ACM 23903.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Jan. 1983.

Decided 14 Oct. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

HEMINGWAY, Senior Judge:

Contrary to his pleas, the accused was convicted of indecent acts with each of his two stepdaughters and of carnal knowledge with one of the stepdaughters, in violation of Articles 134 and 120, U.C.M.J., 10 U.S.C. §§ 934 and 920. His approved sentence extends to a bad conduct discharge, confinement at hard labor for five years, total forfeitures and reduction to airman basic.

The accused now contends that the military judge erred by granting a preliminary motion of the prosecution which prevented the defense from cross-examining the stepdaughters concerning their sexual activity with persons other than the accused. We disagree.

After the prosecution motion now complained of, the following colloquy took place:

MJ: What is the relevance of offering testimony that either one of these girls have been involved in other sexual activity?

DC: Simply, sir, we feel that when they take the stand they will speak of knowledge of sexual acts, their accusations that there were sexual acts which occurred with their stepfather. We feel that the court members might assume that the knowledge with which they speak comes from those sexual acts with their stepfather. We feel that it is necessary to show that they do in fact have independent knowledge of sexual acts.

Citing Mil.R.Evid. 412,[1] the military judge determined the proposed defense line of inquiry was irrelevant and not constitutionally required.

Following the *Dorsey* trilogy[2], it appeared the Court of Military Appeals had emasculated Mil.R.Evid. 412. In *United States v. Hollimon,* 16 M.J. 164 (C.M.A. 1983), the Court, however, served notice that the rule still has vitality. We find in the instant case, as the Court of Military Appeals did in *Hollimon,* that the evidence

---

1. Rule 412. Nonconsensual Sexual Offenses; Relevance of Victim's Past Behavior

   (a) Notwithstanding any other provision of these rules or this Manual, in a case in which a person is accused of a nonconsensual sexual offense, reputation or opinion evidence of the past sexual behavior of an alleged victim of such nonconsensual sexual offense is not admissible.

   (b) Notwithstanding any other provision of these rules or this Manual, in a case in which a person is accused of a nonconsensual sexual offense, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—

   (1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or

   (2) admitted in accordance with subdivision (c) and is evidence of—

   (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

   (B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which the nonconsensual sexual offense is alleged.

   (c)(1) If the person accused of committing a nonconsensual sexual offense intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall serve notice thereof on the military judge and the trial counsel.

   (2) The notice described in paragraph (1) shall be accompanied by an offer of proof. If the military judge determines that the offer of proof contains evidence described in subdivision (b), the military judge shall conduct a hearing, which may be closed, to determine if such evidence is admissible. At such hearings the parties may call witnesses, including the alleged victim, and offer relevant evidence. In a case before a court-martial composed of a military judge and members, the military judge shall conduct such hearings outside the presence of the members pursuant to Article 39(a).

   (3) If the military judge determines on the basis of the hearing described in paragraph (2) that the evidence which the accused seeks to offer is relevant and the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the military judge specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

   (d) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which a nonconsensual sexual offense is alleged.

   (e) A "nonconsensual sexual offense" is a sexual offense in which the victim's consent is an affirmative defense or in which the lack of consent is an element of the offense. This term includes rape forcible sodomy, assault with intent to commit rape or forcible sodomy, indecent assault, and attempts to commit such offenses.

2. *United States v. Dorsey,* 16 M.J. 1 (C.M.A. 1983); *United States v. Elvine,* 16 M.J. 14 (C.M.A.1983); *United States v. Colon-Angueira,* 16 M.J. 20 (C.M.A.1983).

sought by the defense lacked probative value which would have required its admission. Indeed, the defense counsel here appeared to have difficulty articulating a reason to support the propriety of the proposed cross-examination. The evidence was not offered to rebut any physical evidence nor to impeach the complaining witnesses' credibility. The fact that the stepdaughters had independent knowledge of sexual matters would neither prove nor disprove the guilt or innocence of the accused. *See generally* Annot., 90 A.L.R.3d 1300 (1979); Annot., 97 A.L.R.3d 967 (1980).

Appellate defense counsel asserts Mil.R. Evid. 412 is not applicable because carnal knowledge is not a "nonconsensual sexual offense" within the meaning of the rule. We categorically reject this assertion. Consent is not an element of carnal knowledge, Art. 120(b), U.C.M.J. because the victims of the crime are legally incapable of granting consent. It is the type of offense contemplated by Mil.R.Evid. 412(e), which was intended to be broader in its application than the federal rule. *See* Mil.R.Evid. 412 drafters' analysis; *see also Estes v. State,* 165 Ga.App. 453, 301 S.E.2d 504 (1983). It simply makes no sense to deny children the same protection given adults by the rule.

Accordingly, the findings of guilty and sentence are

AFFIRMED.

CANELLOS, Judge, concurs.

RAICHLE, Judge, absent.