UNITED STATES, Appellee,

v.

James I. PICKENS, Sergeant, U.S. Army, Appellant.

No. 45,385.

CM 442115.

U.S. Court of Military Appeals.

April 30, 1984.

For Appellant: *Colonel William G. Eckhardt, Major Paul J. Luedtke* and *Captain Kenneth G. Gale* (on brief); *Major Robert C. Rhodes.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Joseph A. Rehyansky* (on brief); *Captain John J. Park, Jr.*

*Opinion of the Court*

PER CURIAM:

A general court-martial with enlisted members convicted appellant on a charge and specification alleging that on June 21, 1981, he raped Specialist Four Lefern Dozier at Ronneberg, Federal Republic of Germany. It then sentenced appellant to a bad-conduct discharge, confinement at hard labor for 3 months, and reduction to the grade of E–1. The convening authority approved the findings and sentence, and the United States Army Court of Military Review affirmed. We granted review on this issue:

WHETHER THE MILITARY JUDGE ERRED BY EXCLUDING, UNDER MIL.R.EVID. 412, EVIDENCE OF PRIOR INSTANCES OF PROMISCUOUS

CONDUCT OF THE ALLEGED VICTIM.

We now affirm.

I

Prior to trial, appellant requested that he be allowed to introduce evidence of the victim's sexual misconduct. The evidence which the defense proffered may be summarized as follows:

1. Four months before the alleged rape, the victim, Dozier, had had sexual intercourse with her fiance;

2. On four or five occasions she had "grabbed ... [Specialist Thomson] in the groin area with her hands" while she was working in the same warehouse as Thomson from December 1979 to November 1980;

3. Five months before the rape Dozier sat on the lap of a Sergeant Wiggins and made remarks implying her readiness to have sexual intercourse with him;

4. Dozier's fiance had shown Sergeant Wiggins photographs of her "nude from the waist up"; and

5. On one occasion Dozier had run her hand down the shirt of Sergeant Brown, who worked in the same warehouse with her; and to him she seemed to be "generally a teasing type of individual."

■ The evidence as to specific instances of the victim's past sexual behavior was offered by the defense to show her unchaste sexual character and, thus, to justify inferences that she had consented to sexual relations with appellant and that she lacked credibility as a witness. As to the first inference, we observe that none of her prior sexual behavior involved Pickens, and it was not similar in circumstance to either the victim's or the appellant's version of the events which led to the charges against him. In this context, the evidence failed the threshold test of relevance insofar as it was proffered to prove consent. *United States v. Kasto*, 584 F.2d 268, 270–72 (8th Cir. 1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979). As to the second inference, none of the evidence was relevant to undermine the victim's credibility. *Id.* at 271–72 n.3.

■ The evidence that the victim appeared to one prospective witness to be "generally a teasing type of individual" seems to have been offered only to establish the victim's sexual reputation. However, because that reputation was not a material issue in this case, the military judge did not abuse his discretion in excluding this evidence. *United States v. Elvine*, 16 M.J. 14 (C.M.A. 1983). Indeed, in view of the lack of relevance and materiality of any of the evidence of sexual behavior offered by the defense, the judge's exclusion thereof comported fully with our decisions addressing Mil.R.Evid. 412. *See United States v. Hollimon*, 16 M.J. 164 (C.M.A. 1983); *United States v. Colon-Angueira*, 16 M.J. 20 (C.M.A. 1983); *United States v. Elvine, supra*; and *United States v. Dorsey*, 16 M.J. 1 (C.M.A. 1983).

II

■ During the trial, the victim, Specialist Dozier, testified that appellant forced her to have sexual intercourse. To the contrary, Pickens asserted that, as reflected in Dozier's conduct, she had been a willing sex partner. Later, in his argument on the merits, trial counsel commented in this manner on defense evidence of the victim's consent:

Now if you take the implication raised by the accused's defense [counsel] that anytime a woman goes over to a man's apartment she's asking or thinking about sex—well, consider that. *Has there been any indication at all that Dozier [the victim] was a loose woman.* Maybe dumb, but not asking for it. She wanted to have a drink or two with a friend and enjoy some conversation. She didn't want to have her clothes stripped off. She didn't want to be thrown and pulled to the floor.

(Emphasis supplied.)

Defense counsel did not object to this argument; but, on his own initiative, the judge subsequently advised the court mem-

bers during his final instructions on findings:

There was one thing in the prosecution's argument that may raise an unfair inference, you may remember that Captain Chiaparas stated in his original argument that there was no evidence that Specialist Dozier was a loose woman. I don't know whether if any of you have sat on courts in the past, however, in the past the rules of evidence allowed, basically, a trial of the woman alleged to be the victim. Under those old rules you can bring in any evidence of any sexual misconduct on the part of the alleged victim. Under the new rules, Rule 412, which is nonconsensual sexual offenses, relevance of the victim's past behavior, the only thing the defense can bring in is past sexual behavior with persons other than the accused offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury. In other words he could offer evidence, if such evidence existed, that somebody else had sexual intercourse with that person and the semen was not his. He can also offer evidence of the past sexual behavior with the accused. And this would be offered upon the issue of whether the alleged victim consented to the sexual behavior with respect to the nonconsensual sexual offense alleged. In other words, other than the fact that he could offer evidence of sexual conduct which would mean that the semen was not his, he could also say yes he had had sexual intercourse with that person before to go to the issue of whether or not that person consented. And the only other requirement, the only way you can get evidence of past sexual behavior of a victim in evidence now is to have that evidence constitutionally required. There's some question as to what is constitutionally required, however, it would be a very, very, strict standard. We can no longer bring evidence to court to indicate that the victim is or is not a loose woman. I'm not saying that the victim in this case is or is not, I'm merely saying that the defense in this case and any other case, can only bring evidence of sexual conduct of the victim under the circumstances I outlined.

As the alert military judge recognized, trial counsel—perhaps, only inadvertently—was using Mil.R.Evid. 412 as a sword, rather than a shield. His argument certainly could be interpreted as suggesting that, because no evidence had been offered of prior promiscuous conduct on the victim's part, she must have been a pillar of virtue.

Fortunately, by his careful instructions to the members, the judge obviated any risk of prejudice to appellant. Therefore—especially in the absence either of defense objection to the argument or a motion for mistrial—we conclude that Pickens was not prejudiced by the improper argument of trial counsel.

### III

The decision of the United States Army Court of Military Review is affirmed.