UNITED STATES, Appellee,

v.

Charles D. FOX, Specialist Four, U.S. Army, Appellant.

No. 52662.
CM 446800.

U.S. Court of Military Appeals.

May 26, 1987.

For Appellant: *Captain Kevin T. Lonergan* (argued); *Lieutenant Colonel Paul J. Luedtke, Major Edwin D. Selby* (on brief);

Lieutenant Colonel William P. Heaston, Captain Kathleen A. Vanderboom, Captain J. Andrew Jackson.

For Appellee: *Captain Robert R. Long, Jr.* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Joseph A. Rehyansky, Captain Stephen B. Pence* (on brief); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Denise K. Vowell, Captain Joseph P. Falcone.*

### Opinion of the Court

COX, Judge:

In accordance with his pleas at a general court-martial, appellant was found guilty of committing an indecent assault, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by officer and enlisted members to a bad-conduct discharge and reduction to the lowest enlisted pay grade. The convening authority approved the sentence, and his action was affirmed by the Court of Military Review. We granted review of the following specified issue:

> WHETHER THE MILITARY JUDGE ERRED BY BARRING EVIDENCE OF THE VICTIM'S BAD REPUTATION AND PROMISCUOUS CONDUCT IN EXTENUATION AND MITIGATION. *SEE UNITED STATES V. ELVINE,* 16 M.J. 14 (C.M.A.1983).

We conclude that the military judge properly excluded the proffered evidence of the victim's past sexual behavior, as the defense failed to demonstrate that it was relevant, material, and favorable to the defense on the issue of sentence appropriateness.

Prior to entry of pleas and after notifying trial counsel pursuant to Mil.R.Evid. 412, Manual for Courts-Martial, United States, 1984, defense counsel moved to have admitted "evidence which supports ... [appellant's] claim that he had a mistaken —... albeit imperfect—excuse ... that the victim enticed him and, in fact, ... invited the assault as it occurred." The proffered extrinsic evidence included "reputation testimony, specific acts of sexual

and other misconduct of the victim, including prior to the assault and subsequent to the assault." Defense counsel indicated, however, that appellant would plead guilty to indecent assault because there was no doubt that the 16–year-old victim did not consent and that appellant was fully aware of her lack of consent at the time of the offense. Defense counsel also theorized that the evidence of the victim's bad reputation and promiscuous conduct would show that she was not traumatized by the incident in question "because clearly someone with a chaste background would suffer presumably greater consequences from this kind of act than someone of the character of the victim."

Trial counsel objected, contending that the proffered evidence should be excluded under Mil.R.Evid. 412 because appellant's pleas of guilty rendered it irrelevant and because its admission was not constitutionally required. The military judge ruled that, except for appellant's own testimony, evidence regarding past sexual conduct of the victim would not be permitted.

In due course, appellant entered pleas of guilty. The military judge conducted an inquiry into the providence of the pleas, during which appellant related the circumstances of the offense. He stated that the victim had been employed to baby-sit for a younger child and had spent the night in his home. After the victim took a shower, she came out of the bathroom wrapped only in a towel. While walking down the hall towards her room, she bent over, completely exposing the most personal portions of her anatomy to appellant's view. Appellant construed this act as enticement and followed the victim into the bedroom where the indecent assault occurred. Although appellant claimed he originally believed that the victim was "making a pass" at him, he admitted that he continued to make advances to her after he realized that she was not going to give her consent and engage in a sexual encounter with him.

During the sentencing portion of the trial, appellant repeated this scenario of

events before the court members. The victim testified in rebuttal, however, and insisted that she did not expose herself to appellant as he claimed.

Appellant submits to this Court that admission of the proffered evidence was constitutionally required on sentencing. Further, he argues that the exclusionary provisions of Mil.R.Evid. 412 should be relaxed during the hearing on sentence. *See* Mil.R. Evid. 1101(c) and R.C.M. 1001(c)(3), Manual, *supra*. We reject both contentions.

■ By its terms, Mil.R.Evid. 412 is not restricted only to the findings portion of trial. We agree with the Government that limiting application of Mil.R.Evid. 412 to findings would defeat its purpose—to protect victims of nonconsensual sexual offenses against needless embarrassment and unwarranted invasions of privacy. The former practice, which permitted the defense to present any evidence tending to show the victim's past sexual behavior, "often yield[ed] evidence of at best minimal probative value with great potential for distraction." Drafters' Analysis of Mil.R. Evid. 412, App. 22, Manual, *supra* at A 22–29. *See* para. 153*b* (2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition).

■ The present "rule is not an absolute bar to the admission of" evidence of a victim's past sexual conduct. *United States v. Dorsey*, 16 M.J. 1, 5 (C.M.A.1983); *see United States v. Colon-Angueira*, 16 M.J. 20, 24 (C.M.A.1983). Instead, it is primarily a rule of relevance. *United States v. Colon-Angueira*, *supra* at 29 (Everett, C.J., concurring). Admissibility of such evidence is dependent on its relevance to the issue at hand, rather than upon the character of the pleas or upon whether it is offered on findings or sentence. *See United States v. Martin*, 20 M.J. 227 (C.M.A.1985). When the defense seeks to present evidence which is subject to the exclusionary provisions of Mil.R.Evid. 412, it must clearly demonstrate that the proffered evidence is relevant, material, and favorable to its case. *United States v. Elvine*, 16 M.J. 14 (C.M.A.1983); *United States v. Dorsey, su-*

*pra.* Furthermore, the "probative value of" the evidence must outweigh "the danger of unfair prejudice." Mil.R.Evid. 412(c)(3).

■ Evidence "in extenuation ... explain[s] the circumstances surrounding the commission of an offense," which may include "reasons for committing the offense which do not" rise to the level of a defense or legal excuse. R.C.M. 1001(c)(1)(A). We agree with appellant that *his* state of mind at the time of the assault was relevant to the determination of an appropriate punishment. *Cf. Doe v. United States*, 666 F.2d 43 (4th Cir.1981). If a person begins a sexual misadventure believing that the object of his attentions will be a willing and cooperative partner, then pursues this behavior even after he becomes aware that his partner is unwilling, his conduct *may* be viewed as less culpable than that of one who, at the outset, knows that his advances are unwelcome. Here, appellant was permitted to testify concerning his state of mind, and his beliefs about the victim and her reputation. Although the victim denied that she had intended to entice appellant to commit the assault, appellant's testimony regarding his state of mind and his understanding of her reputation was not challenged.

■ On the other hand, it was not demonstrated how evidence of the victim's past sexual conduct would be relevant to an issue before the court. At the sentencing stage, the issue is: "What is a 'legal, appropriate, and adequate' sentence?" *United States v. Combs*, 20 M.J. 441, 442 (C.M. A.1985); *United States v. Courts*, 9 M.J. 285, 292 n. 14 (C.M.A.1980). Whether the victim was in fact a promiscuous 16–year-old girl or whether she had such a reputation was not relevant or material to an appropriate sentence. This evidence would only have served to embarrass the victim and distract the court members. Certainly, an unchaste woman has just as much right to be protected from nonconsensual sexual assaults or abuse as a chaste woman. Although appellant's state of mind was relevant, the excluded evidence would have

done nothing to elucidate this matter for the members.

■ Defense counsel's second theory of relevance was that evidence of the victim's unchasteness somehow would show that she had not been traumatized by the assault; however, defense counsel offered no basis for this bald assertion. *See United States v. Elvine, supra* at 17. While we agree that the defense, as well as the Government, may present evidence on sentencing regarding the impact of the offense on the victim so all the repercussions of the crime can be understood by the sentencing authority, the military judge did not err in excluding the proffered evidence for the purpose stated here. *Cf. United States v. Hammond,* 17 M.J. 218 (C.M.A.1984); *United States v. Marshall,* 14 M.J. 157 (C.M. A.1982). In any event, trial counsel presented no evidence of trauma. Indeed, he conceded in argument on sentence that the victim did not "suffer any long-term or long-standing effects from this."

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring):

As I understand the majority opinion, evidence regarding the victim's previous sex life would have been admissible on sentencing relevant to the level of trauma suffered by the victim from appellant's assault—if defense counsel had properly made this link. *See United States v. Elvine,* 16 M.J. 14, 19 (C.M.A.1983) (Everett, C.J., concurring). Accordingly, I join in that opinion.