**UNITED STATES, Appellee,**

v.

**Staff Sergeant Eduardo A. VEGA, 584–54–8581, United States Army, Appellant.**

**ACMR 8702747.**

U.S. Army Court of Military Review.

14 Dec. 1988.

* Judge Peter J. Kane took final action on this     case prior to his assignment to another Panel.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before FELDER, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GIUNTINI, Judge:

Appellant was tried before a general court-martial composed of officer and enlisted members. Pursuant to his pleas, he was convicted of one specification of carnal knowledge and one specification of sodomy with a child, violations of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 925 (1982), respectively. He was sentenced to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1. In accordance with the terms of a pretrial agreement, the convening authority reduced the term of confinement to twenty-four months and approved all other portions of the sentence. Appellant alleges before this court that the military judge erred by refusing to admit, during sentencing, evidence of the victim's past sexual behavior. Finding no error, we affirm.

After findings were announced, the trial counsel moved *in limine* to prevent the defense from cross-examining the victim, Miss S, about her past sexual behavior with two teenage boyfriends, including previous experience with oral sodomy; to exclude the introduction of extrinsic evidence about those matters; and to prevent the introduction of opinion and reputation evidence regarding the victim's chasteness. The defense added for consideration that it also wanted to ask Miss S whether on the night of the offenses, prior to their commission, appellant asked her if she had ever had oral sex before. After discussion about the admissibility of prior sexual acts and unchaste character and appellant's knowledge or belief concerning them, the military judge ruled that he would allow the defense to introduce evidence as to the ac-

cused's knowledge or belief, on the night of the offenses, about the victim's prior sexual acts and her character for chasteness. However, he would not allow evidence of the fact of those matters.

During its case in aggravation, the trial counsel sought to establish through the victim and her mother the unfortunate family and social consequences which resulted from this wholly inappropriate adult-child relationship. The trial counsel did not try to show that the appellant introduced the victim to the world of sex. Neither did the trial counsel try to suggest that the victim suffered any physical or psychological trauma as a result of appellant's sexual acts. In sum, there was no suggestion of any negative effect on the victim from the fact of the sexual acts *qua* sexual acts.[1]

During cross-examination of Miss S, the defense counsel asked if "on the evening of 23 June 1987 Staff Sergeant Vega asked you if you had had oral sex before?" Miss S testified that she did not remember if he did or not and then continued, "[B]ut if he did I replied just like in the 32 hearing that it was none of his business and just because you do one thing doesn't mean, you know, you do it to another person or whatever. I never answered that question."

As part of his unsworn statement, appellant stated:

> I know [Miss S] during 1987, a year. During that time I noticed she—she was a flirt with the GIs in the post, friends. In the summer of '87 when I became a coach of baseball ... she became my scorekeeper. At that particular time she flirt at me and I feel that I was stupid enough to follow it. And the night of the 23rd of June, which the incident occurred, at that particular time we met in the office and I overcame my feelings toward [Miss S] and previous to performing ... any relation—sex relation had asked her if she had any sex relations before and she admitted. She was con-

cerned to proceed with the relation. I feel guilty. I should have known better....

During argument on sentencing, the defense counsel emphasized that because the victim had told the accused about her prior "relations," the accused did not feel that he was corrupting her.

The Manual for Courts–Martial, United States, 1984, Military Rule of Evidence [hereinafter M.C.M., 1984 and Mil.R.Evid.] 412 provides that notwithstanding any other provision of the military rules of evidence or the M.C.M., 1984, opinion or reputation evidence of the past sexual behavior of a victim of a nonconsensual sexual offense is not admissible and evidence of specific acts of a victim's unchastity is not admissible unless (1) consititutionally required, (2) offered by the accused to show that he was not the source of semen or injury, or (3) involves prior sex with the accused offered to establish consent.

■■■ Military Rule of Evidence 412 applies to crimes such as carnal knowledge even though consent is not an element. *United States v. Johnson,* 17 M.J. 517, 519 (A.F.C.M.R.1983), *petition denied,* 18 M.J. 11 (C.M.A.1984) (carnal knowledge victim provided same protection as adult under Military Rule of Evidence 412). Also, the rule applies to both the findings and sentence portions of the trial. *United States v. Fox,* 24 M.J. 110, 112 (C.M.A. 1987) (limiting application of the rule to findings would defeat its purpose to protect victims against needless embarrassment and unwarranted invasions of privacy). Military Rule of Evidence 412 is not an absolute bar to the admission of evidence of a victim's past sexual behavior; however, for the evidence to be admissible, its proponent must demonstrate that the evidence is relevant to an issue before the court, and is not unfairly prejudicial. *United States v. Fox,* 24 M.J. at 112 (citations omitted).

---

1. Trial counsel established through the victim that but for appellant's encouraging her to have oral sex with him by pulling her head towards his penis, she would not have done that. The context makes clear that this was not an attempt by the trial counsel to establish the victim's aversion to the act; rather, the testimony explained how the act occurred. The direct and cross-examination of the victim as well as the stipulation of fact leave no doubt the act of sodomy was consensual.

To assist the court in determining an appropriate sentence, the defense is entitled to present evidence in extenuation "to explain the circumstances surrounding the commission of the offense," which may include "reasons for committing the offense which do not constitute a legal justification or excuse." M.C.M., 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1001(c)(1)(A). In a carnal knowledge case, "[i]t is no defense that the accused is ignorant or misinformed as to the true age of the female, or that she was of prior unchaste character; it is the fact of the girl's age and not his knowledge or belief which fixes his criminal responsibility. Evidence of these matters should, however, be considered in determining an appropriate sentence." M.C.M., 1984, Part IV, para. 45c(2). This provision should not be read as a blanket statement of inclusion. The defense still must convince the military judge that the accused's knowledge· or belief serves to explain the circumstances [2] surrounding the offense. *See* R.C.M. 1001(c)(1)(A).

The military judge's ruling precluded the defense from seeking to establish both the fact of the victim's prior sexual experiences and the fact of her reputation for unchasteness. The ruling did not preclude the defense from trying to establish appellant's knowledge or belief about these matters on the night of the offenses, through cross-examination of the victim as to what she told appellant and by appellant's own testimony or unsworn statement. Consistent with the military judge's ruling, the defense counsel did cross-examine the victim as to whether before appellant engaged in sex with her on 23 June, he asked her if she had had oral sex before. Also, during appellant's unsworn statement, he said that prior to having any sexual relations with the victim he asked her about her previous experience and she admitted to having prior "sexual relations."

Though not proscribed by the military judge's ruling, the appellant did not state what he thought, on the night in question, about the victim's reputation for chasteness. This is not surprising. The proffers of both counsel leave unclear whether the appellant in fact had any testimony to give on this point. The closest either side came was when the defense said that "... any evidence as to her reputation, which would be brought in through my client, would be a circumstance surrounding the offense." There never was a clear proffer by the defense that it wanted to have the appellant testify what his knowledge or beliefs were, on the night in question, as to the victim's reputation for chasteness.[3] The military judge's ruling would not have precluded the introduction of such evidence.

In sum, the military judge ruled that appellant's state of mind, at the time of his offenses with the child victim, could be a relevant, extenuating circumstance on the issue of sentence determination. Appellant was permitted to provide a statement, sworn or unsworn, as to his knowledge or belief at the time of the incident about both the child victim's past sexual experience and his knowledge or belief about the child victim's reputation for chasteness. In addition, because appellant alleged that at least some of his knowledge or belief came from the child victim, the appellant was allowed to elicit testimony from the victim about what she may have told the appellant. However, the military judge properly excluded as not relevant on sentencing the fact of both the child victim's prior sexual experience and her reputation for chasteness.

One final point is necessary. Of course we are aware that, if the trial counsel "opens the door" by presenting evi-

---

2. We note that the appellant never definitively stated at trial that his knowledge of her prior "sexual relations" had any bearing on his conduct with the child victim. However, based on proffers from the defense counsel, the military judge in a proper exercise of his discretion allowed information that he knew of her prior "sexual relations" to be brought out by the ap-pellant in his unsworn statement and to be argued by defense counsel.

3. Perhaps the defense proffer was meant only to cover the victim's flirtatiousness. Her alleged flirtatiousness was brought out by appellant during his unsworn statement.

dence that an accused was "first," [4] or that the child victim was traumatized physically or psychologically by the nature of the acts themselves, or that the victim has a reputation for being chaste, then the defense may introduce evidence which tends to rebut these assertions. However, if, as in the instant case, the trial counsel only seeks to show the unfortunate family and social consequences of a completely inappropriate adult-child relationship, then the door would not be opened for introduction of evidence of the child victim's prior sexual activities with her peers; similarly, her rep-

utation for unchasteness among her peers would not be relevant.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER * and Judge GILLEY concur.

---

**4.** We are doubtful whether the fact that an accused was indeed "first," without additional considerations, ever could be appropriate aggravation evidence; similarly, the fact that an accused was not "first," in and of itself, does not extenuate or mitigate an accused's sexual misconduct.

* Senior Judge Ned E. Felder took final action in this case prior to his retirement.