# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

## No. 201600098

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## ANDREW J. WRIGHT
Aviation Electrician's Mate Airman (E-3), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Heather Partridge, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
Staff Judge Advocate's Recommendation: Captain Andrew R. House, JAGC, USN.
For Appellant: Lieutenant Derek C. Hampton, JAGC, USN.
For Appellee: Lieutenant Taurean K. Brown, JAGC, USN;
Lieutenant James M. Belforti, JAGC, USN.

———————————————

Decided 17 March 2017

———————————————

Before MARKS, FULTON, and JONES, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one specification each of assault consummated by a battery on a child under 16, obstruction of justice, and wrongfully transporting a person under 16 onto Naval Air Station Oceana in the trunk of his car, in violation of Articles 128 and 134, Uniform Code of

Military Justice (UCMJ), 10 U.S.C. §§ 928 and 934 (2012). The military judge sentenced the appellant to ten months' confinement, reduction to the pay grade of E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant assigns two errors: (1) the military judge abused her discretion by using MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 412, SUPPLEMENT TO MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2012 ed.) to limit her consideration of mitigation evidence to its tendency to rebut the victim's claim of psychological or other injury; and (2) in the alternative, the military judge erred by excluding this same evidence because it was constitutionally required under MIL. R. EVID. 412(b)(1)(C). We disagree and, finding no error materially prejudicial to the substantial rights of the appellant, affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant met A.C., a 15-year-old girl, on a dating website. A.C. presented herself as an adult on the site, but after she started corresponding with the appellant, she revealed her actual age. The appellant had sexual intercourse with A.C. at least twice despite knowing that she was 15. On one occasion, he snuck A.C. onto Naval Air Station Oceana, Virginia, by transporting her through the gate in the trunk of his car. After learning that Naval Criminal Investigative Service (NCIS) was investigating him, the appellant told A.C. to delete evidence of their relationship from her phone.

The NCIS investigation revealed that A.C. had had similar relationships with at least six other service members. Each time, she represented herself as over 18 on a dating site. She had sex with four of the service members and exchanged nude photos with the other two.

At trial, the appellant pleaded not guilty to committing sexual acts upon a child, but guilty to the lesser included offense of assault consummated by a battery on a child under 16. During the presentencing phase of the court-martial, the trial counsel submitted an unsworn statement from A.C. The military judge considered the statement in accordance with RULE FOR COURTS-MARTIAL (R.C.M.) 1001A, MCM (2012 ed.),[1] which permits the victim of an offense to present an unsworn statement to the court-martial. In the unsworn statement, A.C. discussed how she felt about the offenses and how they had affected her:

> I also admit that I was not at all innocent in the situation but I
> know he was an adult and had very high standards because he

---

[1] As amended by Executive Order 13696, 80 Fed. Reg. 35783, 35807-08 (17 Jun. 2015).

> was in the military. I hated myself for almost a whole year and cried whenever I thought of what I put myself through and no one did it but me. I couldn't even look at myself in the mirror and accept who I was knowing I did such horrible things and let my parents down.[2]

Following admission of A.C.'s unsworn statement, trial defense counsel offered Defense Exhibit C, a portion of the NCIS investigation, including A.C.'s account of her sexual relationships with other service members. Trial counsel objected, arguing that the evidence was irrelevant. The defense argued that evidence of A.C.'s relationships with numerous adult men tended to rebut the inference that the appellant was primarily responsible for the psychological trauma A.C. described in her unsworn statement. The defense also pointed to other minor discrepancies between A.C.'s statement and the account she gave during the criminal investigation. The military judge admitted Defense Exhibit C, but stated she would only consider it for its tendency to rebut A.C.'s unsworn statement without drawing "any type of inappropriate inference" about A.C.'s character "as the [MIL. R. EVID.] 412 rules indicated."[3]

The appellant now alleges the military judge erred by applying MIL. R. EVID. 412 to this case. He notes that although the appellant was originally charged with sexual offenses (violations of Articles 120 and 125, UCMJ), the government withdrew those charges following the military judge's acceptance of the guilty pleas for the remaining offenses. As only assault, obstruction of justice, and a novel Article 134 specification remained on the charge sheet, the case was no longer a "proceeding involving an alleged sexual offense," and MIL. R. EVID. 412 no longer controlled evidence of A.C.'s past sexual conduct. Had the military judge considered the evidence without applying the MIL. R. EVID. 412 filter, the appellant argues, she would have considered as mitigating the fact that A.C. had a "modus operandi"[4] of pretending while online to be older than she was, and then having sex with service members that she met on dating websites. In the alternative, the appellant contends that even if MIL. R. EVID. 412 was properly applied to this case, the evidence of A.C.'s pattern of using deception to meet and have sex with service members was constitutionally required and should have been admitted as mitigation.

---

[2] Prosecution Exhibit 2.

[3] Record at 66.

[4] Appellant's Brief of 14 Jun 2016 at 6.

The government argues that MIL. R. EVID. 412 applies because the case involves patently sexual acts with a child too young to consent to them. The government further argues that evidence of A.C.'s pattern of using deception to date service members is not relevant as mitigation.

## II. DISCUSSION

We review a military judge's evidentiary ruling for abuse of discretion. *United States v. Owens*, 51 M.J. 204, 209 (C.A.A.F. 1999). The military judge's findings of fact receive deference and will only be overturned if they are clearly erroneous; we review conclusions of law *de novo*. *Id.*

In addition to rebutting material presented by the government, an accused is permitted to present matters in extenuation and mitigation during the presentencing phase of a court-martial. R.C.M. 1001(c)(1). Matters in extenuation serve "to explain the circumstances surrounding the commission of an offense, including those reasons for committing the offense which do not constitute a" legal defense. R.C.M. 1001(c)(1)(A). Matters in mitigation are matters that tend "to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency," including "particular acts of good conduct or bravery and evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember." R.C.M. 1001(c)(1)(B).

The military judge considered the subject evidence for its tendency to rebut A.C.'s unsworn statement and show that the appellant was not solely responsible for any psychological harm resulting from A.C.'s relationships with men. While the appellant argues that A.C.'s pattern of relationships with service members is relevant mitigation, there is no evidence that the appellant knew about A.C.'s conduct with other men, and this information would not help inform the sentencing authority about any relevant characteristics of the appellant. Nor would it provide evidence in extenuation, as it sheds no light on the appellant's reasons for committing the offenses. Evidence of a victim's past sexual behavior is generally not relevant to determining an appropriate sentence. *See United States v. Fox*, 24 M.J. 110, 112 (C.M.A. 1987) ("Whether the victim was in fact a promiscuous 16-year-old girl or whether she had such a reputation was not relevant or material to an appropriate sentence."). We find that A.C.'s account of her sexual history was not relevant for any purpose other than those accepted by the military judge. Therefore, we need not consider the applicability of MIL. R. EVID. 412.

## III. CONCLUSION

Accordingly, the findings and the sentence, as approved by the CA, are approved.

For the Court

R.H. TROIDL
Clerk of Court