**UNITED STATES, Appellee,**

v.

**Sergeant Wayne A. OXFORD, 375–68–8054, United States Army, Appellant.**

**CM 448037.**

U.S. Army Court of Military Review.

30 Sept. 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

## OPINION OF THE COURT

FELDER, Senior Judge:

At a general court-martial appellant entered pleas of guilty to two counts of disobeying a lawful command by an officer not to visit his assigned family quarters unescorted and a single count of using a knife to force his wife to commit acts of oral and anal sodomy. His pleas were provident to violations of Articles 90 and 125 of the Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 925 (1982) [hereinafter cited as UCMJ].

The appellant elected to be sentenced by a court composed of officer and enlisted members. During the presentencing proceedings, the civilian defense counsel offered to read an unsworn statement on behalf of appellant that included the following language:

> We had sex in other ways than the normal way. Our sex life was probably what you call kinky. We had anal and oral sex several times before. I have placed, at her request, objects in her anus. I have shaved her public [sic] hair. I have tied her up and used syrups and chocolate on her. She has even asked me to rape her.
>
> .    .    .    .    .
>
> In spite of all of our sexual activities, most of which she suggested, she would always ask me why I could not be more aggressive at sex.

The civilian defense counsel argued that the court members should be made aware that appellant and his wife had engaged in acts of sodomy on a consensual basis on prior occasions. He claimed that the information would lessen the gravamen of the heinous nature of the offense.

**550**

Relying on Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 412 [hereinafter cited as Mil.R.Evid.], the military judge granted the government's motion in limine to restrict appellant from presenting matters concerning his marital sexual experiences with his wife. Appellant contends before this court that the exclusion of this information prejudiced him because it could have very likely caused the court members to adjudge a substantially less severe sentence than a dishonorable discharge, confinement for ten years, total forfeitures, and reduction to the grade of Private E–1.

Mil.R.Evid. 412 provides that *notwithstanding any other provision* of the military rules of evidence or the Manual for Courts-Martial, United States, 1984, (a) opinion or reputation evidence of the past sexual behavior of a victim of a nonconsensual sexual offense is not admissible and (b) evidence of specific acts of a victim's unchastity is not admissible unless (1) constitutionally required, (2) offered by the accused to show that he was not the source of semen or injury, or (3) prior sex with the accused offered to establish consent. The rule was adopted to shield victims of sexual assaults from embarrassing and degrading cross-examination, to encourage the reporting and prosecution of sexual assaults, and to avoid distracting and confusing the finders of fact with evidence of minimal probative value. *See* Manual for Courts-Martial, United States, 1984, Analysis of Mil.R.Evid. 412, App. 22, A22–34.

■ Since the rule is exclusive and there is no distinction between its application on findings and sentencing, we conclude that it applies to both proceedings and is not subject to the discretionary power of the military judge under Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1001(c)(3) [hereinafter cited as R.C.M.] to relax formal rules of evidence during sentencing.[1] To hold otherwise

would defeat the purpose of the rule by removing the character shield that protects sexually assaulted victims on findings and allowing them to be assassinated with humiliating evidence on sentencing.

■ It is apparent that the unsworn statement proffered in extenuation by appellant about specific past sexual acts between him and his wife did not meet the requirements for admissibility under Mil.R.Evid. 412(b)(2) and (c)(3) because it was not presented to contest his guilt by showing either that he was not the source of semen or injury or to prove that she had consented to the sexual assaults. Not so apparent is the answer to the question whether the information was "constitutionally required" to be admitted under Mil.R.Evid. 412(b)(1). The rule recognizes that one has the constitutional right to present evidence in a criminal trial which is relevant, material and favorable to his case, so long as its probative value outweighs the danger of unfair prejudice. Satisfaction of all these requirements authorizes admission of evidence of the victim's past sexual conduct. This four-part test for determining when the admission of evidence is constitutionally required prior to *findings* was formulated in *United States v. Dorsey*, 16 M.J. 1 (C.M.A.1983), and subsequently applied in *United States v. Colon-Angueira*, 16 M.J. 20, 29 (C.M.A.1983) (Everett, C.J., concurring); and *United States v. Elvine*, 16 M.J. 14, 19 (C.M.A.1983) (Everett, C.J., concurring).

■ While Mil.R.Evid. 412 is similar to Fed.R.Evid. 412, federal civilian courts provide little guidance in resolving the issue we face, primarily because of the differences between the military and federal sentencing proceedings.[2] In the military, the sentencing proceeding is adversarial and the rules of evidence may be relaxed for some purposes. The government and accused are accorded the opportunity to produce, question and cross-examine witness-

1. The issue of whether the military judge erred by barring evidence of the victim's bad reputation and promiscuous conduct in extenuation and mitigation is pending before the United States Court of Military Appeals in *United States v. Fox,* CM 446800 (A.C.M.R. 7 May 1985) (un-

pub.), *petition granted,* 21 M.J. 149 (C.M.A. 1985).

2. In federal civilian courts, the sentencing proceeding is not adversial because it has been decided that it is "totally impractical if not im-

es. Each party may introduce documentary evidence that will aid the sentencing authority in determining an appropriate punishment. The accused is allowed to testify under oath or make an unsworn statement. The latter may be oral, written, or both, and may be made by the accused, by his defense counsel, or both. R.C.M. 1001. Except in capital cases, the accused may elect to be sentenced by a military judge or court members. R.C.M. 903.

■ "A military accused has the right to have the testimony of a witness on sentencing, as well as on the merits, when the testimony is material to an issue before the court." *United States v. Combs*, 20 M.J. 441, 442 (C.M.A.1985). This right has both a statutory and a constitutional foundation. *See* Article 46, UCMJ; *United States v. Sweeney*, 34 C.M.R. 379, 382 (C.M.A.1964). The fact that an accused chooses to present matter in extenuation and mitigation in an unsworn statement rather than sworn testimony affects its weight, and not its admissibility. Therefore, Mil.R.Evid. 412 may not be used as a basis to exclude otherwise admissible evidence during the sentencing phase of a court-martial. Indeed, on its face, Mil.R.Evid. 412 does not purport to be an absolute bar to the admission of evidence of a victim's past sexual conduct. *See United States v. Dorsey*, 16 M.J. at 5. Moreover, as Chief Judge Everett has explained, while evidence of past sexual conduct may not be used to suggest that a person is not credible, such evidence may be offered for other proper purposes. *See United States v. Colon-Angueira*, 16 M.J. at 29–30.

■ The question is whether in the case at bar the statement proffered by appellant was relevant, material and favorable to his cause during the presentencing phase of his trial. In other words, would his statement tend to prove the existence of an asserted fact that was of beneficial consequences to him on sentencing? We believe the excluded statement meets admission standards to the extent that the court members would have been informed that appellant and his wife had engaged in oral and anal sodomy on several occasions in the past, and had included in their sexual repertoire acts inherently evincing some degree of force or violence. The court members could have inferred from that information that the forcible acts of sodomy were less pernicious to the body and spirit of an experienced person than to one who had not previously engaged in sodomy. The same reasoning applies to the assertion that appellant had placed objects in his wife's anus at her request. It is reasonable to assume, therefore, the information could have had an extenuating impact on the sentencing authority.

The statements that appellant had previously tied up his wife during intercourse, that she had requested him to be more aggressive, and that she had requested to be "raped" were relevant to the force aspect of the charged sex related offense. The stipulation of fact repeatedly referenced the use of force and the fear engendered by appellant during the commission of the sexual acts. This theme was employed by the trial counsel during his argument on the sentence. The members could have inferred that an individual who previously requested sexual activity, accompanied by physical aggression, would be less traumatized by forceful sexual activity than one who had not experienced or was not inclined towards such activity. The fact that all of the previous sexual conduct was engaged in by the victim with appellant is a significant factor in our view. *Cf. United States v. Hollimon*, 16 M.J. 164, 166 (C.M.A.1983).

We conclude appellant adequately demonstrated that the information discussed above was relevant, material, favorable, and sufficiently probative for admission during presentencing under Mil.R.Evid. 412(b)(1). The ruling of the military judge barring that information was incorrect.

---

possible [to have] open court testimony with cross-examination." *William v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). However, counsel for both sides may speak to the court and the accused may personally address the court and present information in mitigation of the punishment. A presentence investigation report, however, is heavily relied upon by the federal judge who imposes the sentence. Fed.R.Crim.P. 32(a)(1) and (c).

However, his ruling was proper to the extent that it excluded information that exceeded the fact that the parties had on previous occasions voluntarily engaged in sodomy and other forcible sexual acts. The extraneous information about shaving the victim's pubic hair and using syrups and chocolate on her would only have served to embarrass her and it lacks any probative value. *See* Mil.R.Evid. 412(c)(3).

However, a considerable portion of the improperly excluded written unsworn statement was presented to the court members without objection when appellant made an oral unsworn statement in response to a question by his counsel.

Q. Okay, why did you do these things that night?

A. Out of fear and anger, afraid that she was going to take my children that night from me and never let me see them again. Plus I was thinking about the orgy, the thing that started our arguments, you know, the orgy that she wanted to have, and so I kind of thought I'd just show her what an orgy was. Plus all the time we were married, she always accusing me of not being aggessive, and other times she had asked me to rape her, and one other time she asked me to tie her up, and I did tie her up, and she started to fight, and you know, I didn't feel very aggressive, you know, I didn't feel like doing it, you know, and I guess I just thought it was a way of saving the marriage.

At courts-martial the trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Such evidence may include proof of financial, social, psychological, and medical impact on the victim. R.C.M. 1001(b)(3)(C)(b)(4). This same evidence is included in federal presentencing investigation reports. Fed.R.Crim.P. 32(c)(2)(C). Thus, a rape victim may testify about the effects of the rape on her life-

style, so that circumstances surrounding the offense and its repercussions on the victim could be understood by the sentencing authority. *United States v. Marshall,* 14 M.J. 157 (C.M.A.1982). Similarly, an expert may testify concerning the general effects of rape trauma on a victim. *United States v. Hammond,* 17 M.J. 218 (C.M.A. 1984). *Cf. United States v. Pearson,* 17 M.J. 149 (C.M.A.1984) (evidence of homicide victim's character and loss suffered by victim's family and community is admissible in aggravation).

To the extent that the government is allowed to present evidence in aggravation of sex related offenses, we believe an accused has the constitutional right to present matters in extenuation of his transgression, even though that evidence includes the past sexual behavior of the victim. To deny an accused the right to do so through allocution or any other legally acceptable fashion would violate the fundamental fairness doctrine embraced in the Due Process Clause of the Fifth Amendment or the Compulsory Process Clause of the Sixth Amendment.[3]

Although the military judge in this case erred in part by excluding some admissible matters, we have concluded beyond a reasonable doubt that appellant was not prejudiced on the sentence by his ruling. *See United States v. Remai,* 19 M.J. 229 (C.M.A.1985); *United States v. Goodson,* 22 M.J. 947 (A.C.M.R.1986). Moreover, the convening authority in approving the sentence reduced the confinement from ten to four years pursuant to a pretrial agreement. Therefore, the findings of guilty and the sentence are affirmed.

Judge RICHARDSON and Judge ROBBLEE concur.

---

**3.** "Mil.R.Evid. 412 is primarily a rule of relevance....

As a rule of relevance, Mil.R.Evid. 412 must not be applied mechanically by military judges. Otherwise, a trespass will occur

against the sixth-amendment rights of accused to confront prosecution witnesses, ... and to offer defense evidence." (citations omitted). *United States v. Colon-Angueira,* 16 M.J. at 29–30 (Everett, C.J., concurring).