**UNITED STATES, Appellee,**

v.

**Specialist Four Jeffery J. EZELL, 253–19–0011, United States Army, Appellant.**

**CM 449019.**

U.S. Army Court of Military Review.

26 May 1987.

ance where a factual determination is required.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Peter M. Cardillo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Bryant G. Snee, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

In accordance with his pleas, appellant was found guilty by a general court-martial composed of officer and enlisted members of rape, indecent acts with another, and unlawful entry in violation of Articles 120 and 134, Uniform Code of Military Justice, [hereinafter cited as UCMJ], 10 U.S.C. §§ 920 and 934, (1982), respectively. He was sentenced to a dishonorable discharge, confinement for eight years, total forfeitures, and reduction to Private E–1. Pursuant to a pretrial agreement the convening authority approved the sentence except that he reduced the confinement to seven years, six months.

Appellant alleges that the convening authority erred to the substantial prejudice of appellant when he denied appellant's request for a post-trial Article 39(a), UCMJ, session. Appellant also asserts five other errors which allege essentially that the military judge erred by not admitting evidence of the rape victim's sexual history during the sentencing procedure.[1] We find no merit to appellant's allegations.

---

1. These allegations of error are as follows:

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE BARRED EVIDENCE OF THE RAPE VICTIM'S PAST SEXUAL BEHAVIOR AND EXPERIENCES DURING THE SENTENCING HEARING.
THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE RULED THAT THE RAPE VICTIM'S ARTICLE 32(b) TESTIMONY WAS INADMISSIBLE AS HEARSAY.
THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE REFUSED TO RELAX THE RULES ON EVIDENCE TO ADMIT PURPORTED HEARSAY.
THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE DENIED APPELLANT'S REQUEST FOR CONTINUANCE.
THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY APPLYING THE RULES OF EVIDENCE TO APPELLANT'S UNSWORN STATEMENT MADE DURING SENTENCING, AND EXCLUDING PORTIONS OF THAT STATEMENT.

While appellant was drinking at a local bar in the Federal Republic of Germany, a fight occurred not involving appellant. Elke, the victim of the rape, attempted to break up the fight and was eventually ejected from the bar. Appellant met Elke outside the bar where appellant agreed to give her a ride home. After stopping at another bar for beer, they arrived at Elke's apartment where appellant was invited to enter and drink beer. After some fondling and kissing appellant attempted to remove Elke's clothing. She told him no, he struck her in the face with his fist several times and he undressed her. She convinced him that she needed to go to the bathroom. She put on her panties and shirt. He accompanied her to the bathroom which was outside the apartment in a common hallway where Elke started to scream for assistance. Appellant pulled her back into the apartment, threw her on the bed and had forcible intercourse with her.

Several months later appellant entered the barracks room of Specialist Four B, a female soldier, who was asleep. He gently lowered her sweat pants and performed cunnilingus on her. Specialist Four B, awoke, kicked appellant, exited the room, and reported the incident to the Charge of Quarters. Military police found appellant sitting on the floor of Specialist Four B's wall locker.

Concerning the incident with Elke, appellant was charged with rape and aggravated assault. The military judge dismissed the aggravated assault as multiplicious for findings with the rape. Unfortunately, an extra "flyer" with the dismissed offense was inadvertently distributed to three of the court members. This fact was discovered after trial. The military judge was informed, advised the staff judge advocate [hereinafter SJA] that he would conduct a post-trial Article 39(a), UCMJ session, if desired, but expressed his belief that the matter could be resolved by affidavits. The SJA advised defense counsel of the error and obtained affidavits from the court members. The affidavits indicated that the court members did not consider the information of the other charge which was on the flyer. Appellant requested a post-trial Article 39(a), UCMJ, session to determine if he was deprived of a fair trial. The SJA provided the court members' affidavits to the convening authority with his recommendation. He advised the convening authority that, in light of the affidavits, there was no reasonable likelihood of prejudice to appellant, that an Article 39(a), UCMJ, session was not necessary, and recommended approval of the sentence in accordance with the pretrial agreement. The convening authority followed the recommendations of the SJA and approved the sentence.

 Normally the testimony of members will not be received to impeach their verdict with matters that essentially inhere therein. *United States v. Bourchier*, 17 C.M.R. 15, 27 (C.M.A.1954); *United States v. Boland*, 22 M.J. 886, 890 (A.C.M.R.1986). Military Rule of Evidence 606(b) provides that a member may not testify to any matter or statement occurring during deliberations or to the effect of anything on the members' minds or emotions as influencing assent or dissent or mental process in connection with findings or sentence unless it involves extraneous prejudicial information, outside influence or command control. In this case, it seems clear that access to the "flyer" in question involves extraneous matter.

The procedure employed by the staff judge advocate of using affidavits to determine if the extraneous information affected the deliberations of court members may have been error. *See United States v. Witherspoon*, 16 M.J. 252, 254 (C.M.A. 1983). Some cases of post-trial misconduct by court-members, however, can be satisfactorily resolved by the use of affidavits. *Witherspoon*, 16 M.J. at 255 (Everett, C.J., concurring). To resolve the issue, a hearing can be convened by the military judge either on his own initiative or motion by the parties. *Id.*

 In the case before us, we believe it would be unlikely that the court members would provide information different

from that contained in their affidavits if a hearing were to be conducted pursuant to *United States v. Dubay*, 37 C.M.R. 411 (C.M.A.1967). Such a hearing would serve no useful purpose. We hold, therefore, that this is an appropriate case where affidavits can be used by this court to resolve the issue of whether extraneous information affected deliberations of the court members. We find as a matter of fact that the extraneous information did not affect the deliberations of the court members. Assuming arguendo that the obtaining of affidavits by the SJA was improper, we find no prejudice to the appellant by that procedure.

The remaining allegations of error involve appellant's attempts to present to the court members information that the rape victim had allegedly worked as a prostitute for a period of one year, some six years prior to the rape.[2] During the sentencing procedure, appellant attempted to present evidence of the rape victim's past sexual behavior and experience, attempted to introduce the victim's Article 32, UCMJ, testimony concerning her prior sexual behavior and experience, asked for and was denied a continuance in order to obtain the victim's presence as a witness to present her testimony concerning her sexual history, and finally attempted to present the rape victim's past sexual behavior and experience through his own unsworn statement. The military judge excluded this information based upon Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 412.

 In a nonconsensual sex offense, Military Rule of Evidence 412(a) prohibits reputation or opinion evidence of the past sexual behavior of an alleged victim. Evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible except on proper notice, after certain required procedures, and when it is constitutionally required to be admitted. Mil.R.Evid. 412(b)(1). We hold that in the case before us the evidence is not constitutionally required.[3] We find the military judge properly excluded the evidence of the rape victim's past sexual behavior and experience.

The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KENNETT concur.

---

2. It is noted that the issue of admissibility of a victim's sexual history during the sentencing procedure is pending before the United States Court of Military Appeals in *United States v. Fox*, CM 446800 (A.C.M.R. 7 May 1985) (unpub.) *petition granted*, 21 M.J. 149 (C.M.A.1985).

3. We are aware of *United States v. Oxford*, 23 M.J. 548 (A.C.M.R.1986). We believe *Oxford* to be fact specific and not applicable to this case.