**UNITED STATES of America, Appellee,**

v.

**Thomas DRIVER, Appellant.**

**No. 78–5023.**

United States Court of Appeals, Fourth Circuit.

Argued July 19, 1978.

Decided Aug. 7, 1978.

Phillip G. Kelley, Asst. U. S. Atty., Charlotte, N. C. (Harold M. Edwards, U. S. Atty., Charlotte, N. C., on brief), for appellee.

R. Phillip Haire, Sylva, N. C. (Ben Oshel Bridgers, Holt, Haire & Bridgers, Sylva, N. C., on brief), for appellant.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

The sole issue in Thomas Driver's appeal from a rape conviction based on 18 U.S.C. §§ 1153 and 2031 is the district court's ruling, on the government's motion at the start of trial, that the defense would be forbidden to inquire into the sexual history of the victim except as to any prior sexual contact the victim might have had with the defendant. We affirm.

The evidence showed that Driver was behaving in a generally belligerent manner on the premises of the restaurant where the victim worked. Eventually an employee of the restaurant prevailed on Driver to accept a ride home, but the only available car belonged to the victim. She agreed to take Driver home, and they left in her car accompanied by a male employee of the restaurant. Driver ejected the employee from the car and ordered the victim to drive to a secluded spot where he raped her. After the rape Driver passed out in the victim's car, and she drove until she met a police vehicle. At trial, Driver's principal defense was that, because of intoxication, he had no recollection of the crime.

The District of Columbia Court of Appeals has held that testimony concerning a rape victim's sexual contacts on prior occasions with persons other than the defendant is ordinarily inadmissible under Federal Rule of Evidence 404. *McLean v. United States*, 377 A.2d 74, 77–78 (D.C.App.1977). In this carefully reasoned opinion, Judge Kern canvassed the authorities dealing with this issue, and his discussion supports the trial court's exercise of discretion in excluding the evidence here.

The judgment of the district court is affirmed.