**F. DOE, Appellant,**

v.

**UNITED STATES of America, W. Farley Powers, Jr., in his official capacity as Clerk of the United States District Court for the Eastern District of Virginia, Appellees.**

**UNITED STATES of America, Appellee,**

v.

**Donald Robert BLACK, Appellee.**

**F. Doe, Appellant.**

**Nos. 81–1995, 81–5209.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 5, 1981.

Decided Dec. 3, 1981.

Lewis F. Powell, III, Richmond, Va. (Hunton & Williams, Richmond, Va., on brief), for appellant.

Vincent D. Hardy, Petersburg, Va., N. George Metcalf and Robert Jaspen, Asst. U. S. Attys., Richmond, Va., for appellees.

Before BUTZNER, RUSSELL, and HALL, Circuit Judges.

BUTZNER, Circuit Judge:

These appeals concern the district court's evidentiary ruling in a pre-trial proceeding held pursuant to rule 412 of the Federal Rules of Evidence.[1] The court held that evidence concerning the past sexual behavior and habits of the prosecutrix was admissible in the rape trial of Donald Robert Black. We conclude that we have jurisdiction to hear her appeal, and we affirm in part and reverse in part the order of the district court.

## I

The appellant is the alleged victim and chief government witness in the impending rape trial of Black.[2] Pursuant to rule 412 of the Federal Rules of Evidence, Black made a pre-trial motion to admit evidence and permit cross-examination concerning the victim's past sexual behavior. After a hearing, the district court ruled that Black

---

1. Rule 412 is reproduced in the appendix of this opinion.

2. We have granted the appellant's motion to proceed on appeal under a fictitious name.

3. The court's ruling is set forth in more detail in part III of this opinion.

could introduce the evidence which he proffered.[3]

Several days later, the district court granted Black's motion for the issuance of subpoenas for individuals who were to testify about the victim's sexual history. These included the victim's former landlord, a social worker who had previously investigated the victim, a sexual partner of the victim, and two people who claimed to be aware of the victim's reputation for promiscuity.

Thereafter, the victim instituted a civil action seeking the permanent sealing of the record of the rule 412 proceedings and other relief.[4] During the course of this civil action, the court learned that the rape victim had not received notice of the earlier proceeding as mandated by subsection (c)(1) of rule 412. Consequently, it reopened the rule 412 hearing. The court then reaffirmed its prior ruling in the criminal case and entered summary judgment in favor of the defendants in the civil action. The victim appeals from the orders in both the civil and criminal actions.[5]

## II

■ Black asserts that this court lacks jurisdiction to entertain the victim's appeal from the district court's order in the rule 412 proceeding. Resolution of this issue requires an examination of the procedural provisions of the rule.

Rule 412 places significant limitations on the admissibility of evidence concerning the past sexual behavior of a rape victim. The rule provides the additional safeguard of a hearing in chambers to determine the admissibility of such evidence. These provisions were adopted "to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives." 124 Cong.Rec. at H 11945

---

4. We address the civil action in part IV of this opinion.

5. Counsel for the victim, the United States, and Black filed briefs and argued before this court in these consolidated appeals.

(1978). To effectuate this purpose, subsections (c)(1) and (2) of the rule require that rape victims receive notice of the evidentiary hearing and a copy of the defendant's motion and offer of proof. Additionally, subsection (c)(2) makes provision for the victim's testimony at the evidentiary hearing.

The text, purpose, and legislative history of rule 412 clearly indicate that Congress enacted the rule for the special benefit of the victims of rape. The rule makes no reference to the right of a victim to appeal an adverse ruling. Nevertheless, this remedy is implicit as a necessary corollary of the rule's explicit protection of the privacy interests Congress sought to safeguard. *Cf. Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).[6] No other party in the evidentiary proceeding shares these interests to the extent that they might be viewed as a champion of the victim's rights.[7] Therefore, the congressional intent embodied in rule 412 will be frustrated if rape victims are not allowed to appeal an erroneous evidentiary ruling made at a pre-trial hearing conducted pursuant to the rule.

Section 1291 of title 28 U.S.C. confers on courts of appeals jurisdiction to review final decisions of the district courts. The Supreme Court has held that this finality requirement should be "given a 'practical rather than a technical construction.'" *Gillespie v. U. S. Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199 (1964). The Court also has instructed that the most important considerations for determining whether an order is final are "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Dickinson v. Petroleum Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950).

In this case the balancing of these factors weighs heavily in favor of a conclusion of finality. The inconvenience and costs associated with permitting the victim to appeal are minimal. Certainly, they are no greater than those resulting from government appeals of suppression orders that are authorized by 18 U.S.C. § 3731. Because the rule provides for pre-trial evidentiary hearings, appeals are unlikely to involve significant postponements of criminal trials. Indeed, in this case, we heard the appeal and filed an order resolving the issues without any delay of the criminal trial.

On the other hand, the injustice to rape victims in delaying an appeal until after the conclusion of the criminal trial is manifest. Without the right to immediate appeal, victims aggrieved by the court's order will have no opportunity to protect their privacy from invasions forbidden by the rule. Appeal following the defendant's acquittal or conviction is no remedy, for the harm that the rule seeks to prevent already will have occurred. Consequently, we conclude that with respect to the victim the district court's order meets *Gillespie* 's test of practical finality, and we have jurisdiction to hear this appeal.

### III

At the pre-trial rule 412 evidentiary hearing, Black presented several witnesses who told about the victim's past sexual behavior and reputation. Black testified that although he had talked on the phone with the victim several times, he did not meet her

---

6. In *Cort v. Ash*, 422 U.S. at 78, 95 S.Ct. at 2087–88, the Supreme Court identified several factors to be considered when "determining whether a private remedy is implicit in a statute not expressly providing one . . . ." They are as follows: 1) whether the plaintiff was " 'one of the class for whose *especial* benefit the statute was enacted' " [citation omitted]; 2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" 3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" 4) whether "the cause of action [is] one traditionally relegated to state law, in an area basically the concern of States, so that it would be inappropriate to infer a cause of action based solely on federal law."

7. The government does not assert that it has a right of appeal. It, nevertheless, agrees with the victim that the district court erred, and it presented this position by brief and oral argument.

until the night of the alleged crime. Several men previously had told him the victim was promiscuous, and he had read a love letter she had written to another man.

At the conclusion of the hearing, the district court ruled that the following evidence was admissible:

(1) evidence of the victim's "general reputation in and around the Army post . . . where Mr. Black resided;"

(2) evidence of the victim's "habit of calling out to the barracks to speak to various and sundry soldiers;"

(3) evidence of the victim's "habit of coming to the post to meet people and of her habit of being at the barracks at the snack bar;"

(4) evidence from the victim's former landlord regarding "his experience with her" alleged promiscuous behavior;

(5) evidence of what a social worker learned of the victim;

(6) telephone conversations that Black had with the victim;

(7) evidence of the defendant's "state of mind as a result of what he knew of her reputation . . . and what she had said to him."

Black argues that all of the evidence delineated in items 1–7 is admissible to support his claim that the victim consented, to show the reasonableness of his belief that she consented, and to corroborate his testimony. He relies on the rule's provision for the admission of constitutionally required evidence. Exclusion of the evidence, he maintains, will deprive him of the rights secured by the due process clause of the fifth amendment and the right of confrontation and compulsory process guaranteed by the sixth amendment.[8]

Rule 412 restricts the admission of evidence in several respects. Subsection (a) excludes reputation or opinion evidence of the past sexual behavior of the victim.

Subsection (b) provides that evidence of past sexual behavior, other than reputation and opinion, is only admissible in three circumstances: first, the defendant may introduce this evidence when it is constitutionally required, 412(b)(1); second, when the defendant claims that he was not the source of semen or injury, he may introduce evidence of the victim's relations with other men, 412(b)(2)(A); and third, when the defendant claims the victim consented, he may testify about his prior relations with the victim, 412(b)(2)(B).

■ The evidence delineated in items 1–5 of the district court's order clearly falls within the proscription of subsection (a) of the rule. Though sometimes couched in terms of habit, this evidence is essentially opinion or reputation evidence. Consequently, the exceptions set forth in subsection (b) do not render it admissible.

■ The constitutional justification for excluding reputation and opinion evidence rests on a dual premise. First, an accused is not constitutionally entitled to present irrelevant evidence. Second, reputation and opinion concerning a victim's past sexual behavior are not relevant indicators of the likelihood of her consent to a specific sexual act or of her veracity. *Privacy of Rape Victims: Hearings on H.R. 14666 and Other Bills Before the Subcomm. on Criminal Justice of the Committee on the Judiciary*, 94th Cong., 2d Sess. 14–15 (1976). Indeed, even before Congress enacted rule 412, the leading federal case on the subject, *United States v. Kasto*, 584 F.2d 268, 271–72 (8th Cir. 1978), stated that in the absence of extraordinary circumstances:

evidence of a rape victim's unchastity, whether in the form of testimony concerning her general reputation or direct or cross-examination testimony concerning specific acts with persons other than the defendant, is ordinarily insufficiently

---

8. Black's reliance on the opinion of the New York Supreme Court in *People v. Mandel*, 61 A.D.2d 563, 403 N.Y.S. 63 (App.Div.1978), is misplaced. In that case, the appellate division overturned the convictions of the defendant on the ground that certain evidence concerning the victim was improperly excluded. The New York Court of Appeals, however, reversed this decision and reinstated the defendant's convictions. 48 N.Y.2d 952, 425 N.Y.S.2d 63, 401 N.E.2d 185 (1979).

probative either of her general credibility as a witness or of her consent to intercourse with the defendant on the particular occasion ... to outweigh its highly prejudicial effect.

State legislatures and courts have generally reached the same conclusion.[9] We are not prepared to state that extraordinary circumstances will never justify admission of such evidence to preserve a defendant's constitutional rights. The record of the rule 412 hearing in this case, however, discloses no circumstances for deeming that the rule's exclusion of the evidence classified in items 1–5 is unconstitutional.

■ The evidence described in items 6 and 7 of the district court's ruling is admissible. Certainly, the victim's conversations with Black are relevant, and they are not the type of evidence that the rule excludes. Black's knowledge, acquired before the alleged crime, of the victim's past sexual behavior is relevant on the issue of Black's intent. *See* 2 Weinstein and Berger, *Evidence* ¶ 412(01). Moreover, the rule does not exclude the production of the victim's letter or testimony of the men with whom Black talked if this evidence is introduced to corroborate the existence of the conversations and the letter.

The legislative history discloses that reputation and opinion evidence of the past sexual behavior of an alleged victim was excluded because Congress considered that this evidence was not relevant to the issues of the victims consent or her veracity. *Privacy of Rape Victims: Hearings on H.R.* 14666 and Other Bills Before the Subcomm. on Criminal Justice of the Committee on the Judiciary, 94th Cong., 2d Sess. 14–15, 45 (1976). There is no indication, however, that this evidence was intended to be excluded when offered solely to show the accused's state of mind. Therefore, its admission is governed by the Rules of Evidence dealing with relevancy in general. Knowledge that Black acquired after the incident is irrelevant to this issue.

## IV

The prosecutrix also appeals from the district court's adverse grant of summary judgment in the civil suit.[10] At the time of the first rule 412 hearing, counsel initially appointed for Black coincidentally represented the rape victim in a child custody proceeding. To prepare for the custody proceeding, the rape victim had furnished this attorney with confidential information. On the basis of this conflict and the provisions of the rule, she requested that the record of the first rule 412 proceeding be permanently sealed. Also, she requested that the clerk be prohibited from issuing subpoenas duces tecum for the record and files of her earlier child custody proceeding. Presumably, these items would disclose information concerning her past sexual behavior.

■ Rule 412 does not mandate the sealing of the record of the pre-trial evidentiary hearing. This is within the sound discretion of the trial court. We are not presented with any facts which suggest

---

9. Forty-five states have enacted rape shield laws in various forms. For a comprehensive analysis and comparison of these laws, *see* Tanford and Bocchino, *Rape Victim Shield Laws and the Sixth Amendment*, 128 U.Penn.L. Rev. 544 (1980).

In the following cases, state courts upheld the constitutionality of rape shield laws: *State v. Howard*, 426 A.2d 457 (N.H.1981); *State v. Fortney*, 301 N.C. 31, 269 S.E.2d 110 (1980); *State v. Blue*, 225 Kan. 576, 592 P.2d 897 (1979); *State v. Green*, 260 S.E.2d 257 (W.Va. 1979); *Marion v. State*, 590 S.W.2d 288 (Ark. 1979); *Roberts v. State*, 268 Ind. 127, 373 N.E.2d 1103 (Ct.App.1978); *People v. Khan*, 80 Mich.App. 605, 264 N.W.2d 360 (1978); *State v. Ryan*, 157 N.J.Super. 121, 384 A.2d 570 (Su-

per.Ct.App.Div.1978); *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (Ct.App.1978); *People v. Mandel*, 61 A.D.2d 563, 403 N.Y.S.2d 63 (App. Div.1978), *rev'd on other grounds*, 48 N.E.2d 185, 425 N.Y.S.2d 63, 401 N.E.2d 185 (1979); *Smith v. Commonwealth*, 566 S.W.2d 181 (Ky. App.1978); *People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978); *People v. Blackburn*, 56 Cal.App.3d 685, 128 Cal.Rptr. 864 (Ct.App. 1976).

10. The civil action is No. 81–1995. The suit named the United States and the clerk of the district court as defendants. Although Black is not a party to the civil action, his counsel participated in the hearing on this action.

that the district court's refusal to seal the record constituted an abuse of discretion. The issuance of subpoenas is also within the discretion of the trial court, and its refusal to grant the victim's request cannot be deemed an abuse of discretion, particularly since Black has not even sought a subpoena for these items. The court also acted properly in dealing with the attorney's conflict of interest. It appointed new counsel to represent Black and instructed them to avoid communicating with the former counsel regarding Black's defense.

In No. 81–5209, the order of the district court is affirmed in part and reversed in part, and this case is remanded.

In No. 81–1995, the judgment of the district court is affirmed.

## APPENDIX

*Rule 412. Rape Cases; Relevance of Victim's Past Behavior*

(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, reputation or opinion evidence of the past sexual behavior of an alleged victim of such rape or assault is not admissible.

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—

(1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or

(2) admitted in accordance with subdivision (c) and is evidence of—

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which rape or assault is alleged.

(c)(1) If the person accused of committing rape or assault with intent to commit rape intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties and on the alleged victim.

(2) The motion described in paragraph (1) shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subdivision (b), the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding subdivision (b) of rule 104, if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.

(3) If the court determines on the basis of the hearing described in paragraph (2) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with re-

spect to which the alleged victim may be examined or cross-examined.

(d) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which rape or assault with intent to commit rape is alleged.