861 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Patricia MCDANIEL, Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shelton Vernell MCKENZIE, Defendant-Appellee.
 No. 88-5559.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1988.
Decided Oct. 5, 1988.
 
 James Richard Van Camp, Eddie Hubert Meacham, Van Camp, Bryan, Webb & Hayes, Pa, for appellant.
 Danny Thomas Ferguson for appellee.
 Before SPROUSE, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Patricia McDaniel, an alleged rape victim, seeks review of a pre-trial order of the district court that permits the introduction of evidence of McDaniel's prior sexual behavior with men other than the defendant, Shelton McKenzie.[1] We find, with one exception, that the district court did not abuse its discretion in ordering the introduction of such evidence.
 
 
 2
 * The charges in this case stem from allegations by McDaniel that on May 20, 1987, she was raped by McKenzie and Willie Allbrooks. As a result of these allegations, McKenzie and Allbrooks were charged with first degree rape and a first degree sex offense in violation of North Carolina law and the Assimilative Crimes Act (ACA), 18 U.S.C. Sec. 13.[2] See N.C.Gen.Stat. Secs. 14-27.2(a)(2)(c) and 27.4(a)(2)(c).
 
 
 3
 Prior to trial, McKenzie filed a "Motion to Offer Evidence of Specific Instances of the Complainant's Past Sexual Behavior" pursuant to Fed.R.Evid. 412.[3] In his motion, McKenzie claimed that such evidence was relevant to his defense that he reasonably believed that McDaniel consented to have sex with him. In support of his motion, McKenzie made a written offer of proof which states in part:
 
 
 4
 1. That on an occasion prior to May 20, 1987, the alleged victim had promised to have sex with [McKenzie] in return for his assistance to her in looking for a particular individual known as "O.T."
 
 
 5
 2. That on an occasion prior to May 20, 1987, the alleged victim had made sexual advances toward [McKenzie].
 
 
 6
 3. That Brian Hinesly, Greg Draford, Eric Johnson and Ken McKenzie, as well as numerous others, have had sexual relations with the alleged victim and [have] informed [McKenzie] of such prior to May 20, 1987.
 
 
 7
 4. That on May 19, 1987, shortly before the alleged crime the alleged victim told co-defendant Willie Allbrooks, Jr., that she would have sex with him if she could drive his car.
 
 
 8
 5. That the alleged victim was frequently seen by defendant at night clubs in the company of many different men both black and white.
 
 
 9
 6. That prior to May 20, 1987, the alleged victim frequently invited the defendant to her house.
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 8. That the alleged victim had voluntary sexual relations with co-defendant, Willie Allbrooks, Jr., on May 20, 1987, in the presence of [McKenzie].
 
 
 14
 McKenzie later offered a supplement to these allegations which stated:
 
 
 15
 [9.] Geneva Dull has seen Ross Vickey having sex with Patric[ia] McDaniel [the alleged victim], and [McKenzie] was aware of this.
 
 
 16
 Defense counsel further represented to the district court that in each instance listed in his motions, McKenzie was either personally present or was made aware of the event through the parties involved prior to the alleged crime.
 
 
 17
 The district court conducted a hearing[4] pursuant to Rule 412(c)(2) and concluded that (1) McKenzie would be able to testify regarding his knowledge of items 1, 2, 3, 4, 5, 6, 8, and 9,[5] and (2) any third party listed by McKenzie could corroborate conversations about which McKenzie testifies. McDaniel appeals this order.
 
 II
 
 18
 We begin our analysis by noting the standard which governs our review. On appeal, evidentiary objections are reviewed under the abuse of discretion standard. United States v. MacDonald, 688 F.2d 224, 233 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). See also United States v. Black, 692 F.2d 314 (4th Cir.1982). With this deferential standard in mind, we examine McDaniel's arguments.
 
 
 19
 McDaniel first argues that Rule 412 is an absolute bar to evidence of prior sexual behavior of the alleged rape victim unless the evidence falls within one of the narrow exceptions noted in the rule.[6] McDaniel supports her argument only with the protective policies underlying Rule 412. We reject this argument because it is contrary to our holding in Doe v. United States, 666 F.2d 43 (4th Cir.1981). In Doe we held that Rule 412 is not a bar to reputation and opinion evidence tending to show the accused's state of mind. Id. at 48. Thus, by unmistakable implication, Doe is recognition that Rule 412 is not an absolute bar to relevant evidence.
 
 
 20
 We note that this approach is consistent with the Court's decisions which limit the reach of evidentiary prohibitions in the face of relevant evidence. See Davis v. Alaska, 415 U.S. 308 (1974); Chambers v. Mississippi, 410 U.S. 284 (1972). Moreover, the concerns identified in Davis and Chambers seemingly have been incorporated into Rule 412 by the explicit exception of evidence that is "constitutionally required to be admitted." Rule 412(b)(1). Finally, we observe that the Doe approach has been approved elsewhere. See United States ex rel Fuller v. Attorney General of Illinois, 589 F.Supp. 206, 210 (N.D.Ill.1984); United States v. Fox, 24 M.J. 110, 112 (CMA 1987); United States v. Dorsey, 16 M.J. 1, 4-5 (CMA 1983). See also H. Galvin, Shielding Rape Victims in the State and Federal Courts: A Proposal for the Second Decade, 70 Minn.L.Rev. 763 (1986).
 
 
 21
 We do not denigrate the laudable purposes of Rule 412 to protect alleged rape victims from an invasion of their privacy. However, when a defendant seeks to introduce evidence that is relevant to an issue at trial, Rule 412 must give way to the right to present a defense. McDaniel has presented no new consideration to upset the balance we established in Doe and thus, we adhere to that rule.
 
 
 22
 McDaniel argues alternatively that Doe must be interpreted to allow admission of evidence of prior sexual behavior of an alleged rape victim only if the evidence was obtained from the alleged victim, herself. According to McDaniel, this limitation is necessary to effectuate the purposes of the rule. As discussed above, we disagree with McDaniel's narrow view of Rule 412. Furthermore, Doe forecloses this argument. In Doe, we recognized the importance of the defendant's state of mind in a rape prosecution. McDaniel would have us now arbitrarily limit evidence of the defendant's state of mind without offering any rational basis for this distinction. We think a more reasoned and consistent view of Doe is that state of mind can be established through a variety of means, not only through conversations with the alleged victim.
 
 
 23
 However, we reach a different conclusion as to item 5. We observe that item 5 is notably less probative of prior sexual behavior than the other specific instances offered by McKenzie. Moreover, we are not blind to the likely prejudice such racial allegations produce. In this instance, we conclude that the value of item 5 is outweighed by its prejudicial impact and accordingly find that item is inadmissible. See Fed.R.Evid. 412(c)(3).
 
 III
 
 24
 In conclusion, we find that the district court acted within its discretion in permitting McKenzie to offer the disputed evidence, except item 5, at trial. Thus, we affirm the order below as modified by this opinion and remand this cause for trial. We dispense with oral argument because the dispositive issue has been decided authoritatively.
 
 
 25
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 This Court recognized a private right to appeal for alleged rape victims in this context in Doe v. United States, 666 F.2d 43, 46 (4th Cir.1981)
 
 
 [2]
 Allbrooks is being tried separately and is not a party to this appeal
 
 
 [3]
 In the district court, McKenzie argued that N.C.R.Evid. 412 should control this evidentiary issue. However, on appeal McKenzie tacitly accepts that federal evidence law controls in an ACA prosecution. This is well established in this circuit. See United States v. Price, 812 F.2d 174, 175 (4th Cir.1987); Kay v. United States, 255 F.2d 476 (4th Cir.1958)
 
 
 [4]
 The district court actually held two hearings. At the first hearing, McDaniel's interests were represented only by the government. However, a second hearing was held after the court appointed counsel for McDaniel under Doe. Thus, the district court insured that McDaniel's position was properly presented and advocated. This procedure is consistent with our holding in Doe
 
 
 [5]
 Item 7 was withdrawn by defense counsel
 
 
 [6]
 Rule 412 reads, in pertinent part:
 (a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, reputation or opinion evidence of the past sexual behavior of an alleged victim of such rape or assault is not admissible.
 (b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is--
 (1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or
 (2) admitted in accordance with subdivisions (c) and is evidence of--
 (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
 (B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which rape or assault is alleged.